PETITION OF CHARLES R. SWEET, for Relief as an Insolvent.

PROVIDENCE—FEBRUARY 23, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Under the statute relating to insolvency, non-resident creditors wishing to share in the distribution of the debtor's assets must prove their claims and subject them to the operation of the discharge, if one be granted, thereby putting themselves on the same footing as resident creditors.

Though the statute cannot compel non-resident creditors to become parties to the proceeding, it can, nevertheless, distribute the assets of the insolvent among his other creditors who are residents of the State, or who, not being residents, make themselves parties to the proceedings by proving their claims.

PETITION IN INSOLVENCY. Heard on motion of non-resident creditors to dissolve an order restraining them from selling property of the insolvent on which they had levied an execution.

MATTESON, C. J. This is a motion to dissolve a restraining order.

Prior to the filing of the petition in insolvency, Kellogg & McDougal, residents of Buffalo, New York, obtained a judgment of the District Court of the Sixth Judicial District against the insolvent, which remains unsatisfied, and levied an execution, issued on the judgment, on the personal property of the debtor and advertised it for sale. These creditors and the officer who made the levy now ask for a dissolution of the order heretofore granted restraining them from selling the property under the levy.

It is contended in support of the motion that, as no discharge can be granted to the insolvent which would be valid as against the levying creditors because they are non-residents of the State, unless they shall become parties to the proceeding, the court has no jurisdiction to restrain the sale.

We find nothing in the statute (Gen. Laws R. I. cap. 274) to warrant such a contention. Section 20 of the chapter provides that "The court may, after the commencement of proceedings by or against any debtor and before adjudication in insolvency thereon, restrain the debtor and all other persons from making any transfer or disposition or interference of or with any part of the debtor's assets, choses in action, rights, credits or estate of any kind or description." Section 39 provides that "The assignment shall vest in the assignee all the property of the debtor, real and personal, which he could have lawfully sold, assigned or conveyed at the time of the first publication of the notice of the adjudication, in case of voluntary proceedings, and at the time of the first publication of notice of the filing of the petition, in case of involuntary proceedings, and shall be effectual to dissolve any attachment, any levy, and any lien placed upon his property in fraud of his creditors not more than four months prior to the time of the first publication in either case aforesaid."

It is the evident policy of the statute that the assets of an insolvent shall be distributed ratably among his creditors in proportion to their claims, excepting only those creditors whose claims are preferred by its provisions. The claim of the creditors making the motion is not within the classes of preferred claims. Though the statute cannot compel them

to become parties to the proceeding, it can, nevertheless, distribute the assets of the insolvent among his other creditors who are residents of the State, or who, not being residents, make themselves parties to the proceeding by proving their claims. In other words, under the statute non-resident creditors wishing to share in the distribution of the debtor's assets must prove their claims and subject them to the operation of the discharge, if one is granted, thereby putting themselves on the same footing as resident creditors. . Certainly it was not intended that a non-resident creditor, merely because he happens to be a non-resident, should be able, by an attachment and levy within four months prior to the beginning of the proceedings in insolvency, to obtain a preference over resident creditors whose attachments and levies are dissolved by the statute. Such a construction would be contrary to the policy of the statute, which, as already stated, is to ensure a ratable distribution of the debtor's assets among all his creditors, and consequently in fraud of creditors within the meaning of the phrase as used in section 39.

The motion is denied.

*Thomas F. I. McDonnell,* for petitioner.
*George T. Brown,* for attaching creditors.